UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAACO FRANCHISING, INC., <br><br> Plaintiff, <br><br> v. <br><br> CINO OF TAMPA BAY, INC., *et al.*, <br><br> Defendants. | C.A. No. 2:10-cv-05904-RBS |

**CONSENT JUDGMENT ENTERED AGAINST
DEFENDANT JAMES BARDASCINI**

The Court hereby ORDERS, this _____ day of _____, 20___, as follows:

1. By the consent of Plaintiff Maaco Franchising, Inc. ("Maaco") and Defendant James Bardascini, Judgment is hereby entered in favor of Maaco and against Defendant James Bardascini with regard to Count III of the Amended Complaint and to the extent agreed to herein.

2. This Judgment releases Defendant James Bardascini, as shareholder and guarantor of Defendant Cino of Tampa Bay, Inc., from all future liability with regard to Counts I and IV of the Amended Complaint.

3. Defendant James Bardascini, his officers, agents, servants, employees, attorneys, and all those acting in concert with him or under his direction or control, are prohibited, directly or indirectly from owning, maintaining, engaging in, or having any interest in any other collision repair or auto painting center or any other retail business that sells collision repair or auto painting services located within a radius of ten miles of the previously-licensed Maaco Center

located at 4875 34th Street North, St. Petersburg, Florida 33714, for a period of one year from the date Defendant James Bardascini is first in compliance with the terms of this Order.

4. Defendant James Bardascini, his officers, agents, servants, employees, attorneys, and all those acting in concert with him or under his direction or control, are required to cease using, displaying, or otherwise infringing upon the trademarks and trade names of Plaintiff; or using or displaying any other name or mark that is confusingly similar to the trademarks or trade names of Plaintiff; or from otherwise committing acts of infringement, unfair competition and dilution against Plaintiff in violation of the Lanham Act; or from operating a Maaco Center; and from utilizing the methods associated with the "Maaco" system and names by no later than twelve o'clock p.m. on the ____ day of _____, 20___.

5. Defendant James Bardascini, his officers, agents, servants, employees, attorneys, and all those acting in concert with him or under his direction or control, are required to cease immediately the use of any of Plaintiff's signs, logos, posters, manuals, equipment, software, point of sale systems, advertising materials, stationery, forms, brochures, and other Maaco materials.

6. Defendant James Bardascini, his officers, agents, servants, employees, attorneys, and all those acting in concert with him or under his direction or control, are required to immediately cease using and return to Maaco all originals and copies of the manuals, Polaris software, records, files, instructions, brochures, and all other material containing Maaco trademarks, trade names, trade secrets, operating instructions, or business practices.

7. Defendant James Bardascini, his officers, agents, servants, employees, attorneys, and all those acting in concert with him or under his direction or control, are required to cease

GPM (612) 632-4444    12/20/2010 3:05:07 PM    PAGE    4/006    Fax Server

immediately the use of any and all telephone numbers associated with Defendants' previous Maaco Center.

8. Defendant James Bardascini is required to comply immediately with his other post-termination obligations as set forth in Defendants' Franchise Agreement and Software License Agreement.

**IT IS FURTHER ORDERED:**

9. That Defendant James Bardascini shall file with the Court and serve on Maaco's counsel a report in writing and under oath, within ten (10) days from the date of this Order, setting forth in detail the manner and form in which Defendant James Bardascini has complied with this Preliminary Injunction.

BY THE COURT:

_____
R. Barclay Surrick, Judge

The undersigned stipulate and agree to the terms of this consent judgment, and approve as to its content and form.

PLAINTIFF MAACO FRANCHISING, INC.

By: _____
Robert L. Zisk
David E. Worthen
Jimmy Chatsuthiphan

DEFENDANT JAMES BARDASCINI

By: _James Bardascini_
James Bardascini
(appearing pro se)
5236 24th Terrace North

3

PAGE 2/2 * RCVD AT 12/21/2010 7:52:44 AM [Central Standard Time] * SVR:GPFAX/4 * DNIS:2267 * CSID:7277243835 * DURATION (mm-ss):00-41

GRAY, PLANT, MOOTY, MOOTY
 & BENNETT, P.A.
2600 Virginia Avenue, N.W., Suite 1111
Washington, D.C. 20037
Telephone:   (202) 295-2200
Facsimile:   (202) 295-2250

Michael J. Salmanson - ID. 46707
Scott B. Goldshaw - ID. 85492
SALMANSON GOLDSHAW, P.C.
Two Penn Center
1500 J.F.K. Blvd., Suite 1230
Philadelphia, PA 19102
215-640-0593

Attorneys for Plaintiff Maaco Franchising, Inc.

Dated:  December 30, 2010

St. Petersburg, Florida 33710-3412
Telephone:   (727) 520-4929
Facsimile:   (727) 527-4330

Pro Se Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Consent Judgment Against Defendant James Bardascini was served by first class U.S. mail upon the following at the addresses listed below on this 30th day of December 2010:

Bradley Hutchinson
487 Pinellas Bayway S, Apt. 203
St. Petersburg, FL  33715-1975

Cino of Tampa Bay, Inc.
c/o James Bardascini
5236 24th Terrace North
St. Petersburg, FL  33710-3412

Shawn Palluti
10138 Blazed Tree Court
Orlando, FL  32821-8272

James Bardascini
5236 24th Terrace North
St. Petersburg, FL  33710-3412

_____
Jimmy Chatsuthiphan